Court cannot rescind the decrees and orders of the County Court. The remedy is by attack in the court where the decrees and orders were made and by appeals from the decrees and orders. (The judgment adjudges that the purchase by the city of Niagara Falls of certain properties on a tax foreclosure sale was illegal and void, and directs a refund by other defendants of the sale price of the properties and interest to the city.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

LOTTIE ESTES, Respondent, v. MONROE AMUSEMENTS, INC., Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff in an action for damages for personal injuries sustained by reason of plaintiff's falling over steps in the aisle of a theatre. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

HENRY M. STEEVES, JR., an Infant, by HENRY M. STEEVES, SR., His Guardian ad Litem, Appellant, v. CITY OF ROCHESTER, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur except Cunningham and Dowling, JJ., who dissent and vote for reversal and for granting a new trial on the ground that there were questions of fact both as to boy's contributory negligence and the failure of the city to provide adequate supervision. (The judgment dismisses the complaint in an action for personal injuries sustained by plaintiff when he was burned by flaming oil from a pot oil torch in a public street.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

HENRY M. STEEVES, SR., Appellant, v. CITY OF ROCHESTER, Respondent.— Same decision and like cause of action as in companion case of Steeves v. City of Rochester (ante, p. 802, decided herewith). Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

In the Matter of THOMAS W. H. JEACOCK, as Commissioner of Social Welfare of the County of Erie, Appellant. PASQUALE IAMMARINO et al., Respondents.— Order relating to Joseph Iammarino and Flavin Iammarino affirmed, without costs of this appeal to any party. Order relating to Frank Iammarino, Salvatore Iammarino, and Pasquale Iammarino modified by providing that Pasquale Iammarino contribute the sum of three dollars and fifty cents per week to the support and maintenance of his parents and as modified affirmed, without costs of this appeal to any party. Certain finding of fact disapproved and reversed and new finding made. All concur. (The orders direct children to contribute to the support of their parents.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

WILLIAM L. BIRTCH, Appellant, v. J. P. SNYDER CONSTRUCTION COMPANY, INC., Defendant, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant-Respondent.— Judgment and order affirmed, with costs. All concur. (The judgment dismisses plaintiff's complaint as to defendant bonding company, in an action under undertaking by third-party beneficiary.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER HAMELS, Appellant.— Judgment of conviction reversed on the law and a new trial granted. Memorandum: If the jury believed the testimony of the defendant that the complainant handed the wallet over to defendant, then, upon that evidence, the jury could have found that the defendant stole complainant's money from the wallet while it was in defendant's possession, and thereupon could have returned a verdict of guilty of petit larceny. The refusal of the trial court to charge the jury that such a verdict could be returned was a substantial error. (People v. Lapolte, 253 N. Y. 573.) All concur. (The judgment convicts defendant of the crime of grand larceny, first degree.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.